Opinion Granting Rehearing for Limited Purpose
GUIDRY, J.,
on rehearing.
|2In our original opinion, we stated the DOTD had waived any objections raised in its first assignment of error relative to the trial court’s exclusion of evidence based on the DOTD’s failure to proffer the evidence that it asserts was erroneously excluded by the trial court. Accordingly, we refused to consider the correctness of those rulings in reviewing the judgment appealed. To the extent that DOTD’s first assignment of error addressed excluded evidence that it failed to proffer, such as the testimony of its records custodian, we maintain our ruling. However, in its rehearing application, DOTD urges that in its first assignment it further contested the trial court’s admonishment to the jury to disregard certain arguments and testimony that were presented. This rehearing is granted for the limited purpose of addressing this specific argument.
DOTD argues that the trial court erred in disallowing any questions regarding the years-long gaps between the dates of the accident reports offered by the plaintiffs as being suggestive of safety and in instructing the jury to disregard the following testimony from its expert witness, David Hall:
So we had three accidents that occurred in 1990, and then we had a gap of five years, which tells me that something must’ve been done out there in 1990 because we stopped having accidents before the '95 accident occurred, which—
Plaintiffs’ counsel immediately objected to the testimony, and initially in response to the objection, counsel for the DOTD stated, “I’m not going to ask him anymore about it. He hasn’t proved any of this.” (Emphasis added.) The DOTD further pointed out that on cross-examination of the plaintiffs’ expert witness, John Bates, the DOTD was allowed to elicit testimony regarding the dates of the accident reports that were erroneously admitted by the trial court, but was prohibited from questioning the witness further about whether an inference could be drawn from the plaintiffs’ failure to present accident reports for the years between the dates of |sthose reports that were presented at trial. However, due to the lack of foundational evidence in the record, by proffer or otherwise, to support the testimony that the juiy was ordered to disregard or the line of questioning the DOTD attempted to present, the trial court’s exclusion of the evidence was proper.
The factual basis for an expert opinion determines the credibility of the testimony. An unsupported opinion can offer no assistance to the fact finder, and should not be admitted as expert testimo *340 ny. Miramon v. Bradley, 96-1872, p. 6 (La.App. 1st Cir.9/23/97), 701 So.2d 475, 478. The trial court’s inquiry must be tied to the specific facts of the particular case. The abuse of discretion standard applies to the trial court’s ultimate conclusion as to whether to exclude expert witness testimony and to the trial court’s decisions as to how to determine reliability. Ashy v. Trotter, 04-612, pp. 18-19 (La.App. 3d Cir.11/10/04), 888 So.2d 344, 356, units denied, 05-0180, 05-0347 (La.3/24/05), 896 So.2d 1045, 1047. To ensure reliability, the Daubert standard requires that the expert’s opinions be grounded in methods and procedures of science, rather than just subjective belief or unsupported speculation. Devall v. Baton Rouge Fire Department, 07-0156, pp. 3-4 (La.App. 1st Cir.11/2/07), 979 So.2d 500, 502. The reliability of a non-scientist expert’s testimony, when it is not formulated on scientific research, is still judged using the Daubert standard. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141, 119 S.Ct. 1167, 1171,143 L.Ed.2d 238 (1999).
The specific testimony that the jury was ordered to disregard and potential similar testimony the jury was kept from hearing based on the line of questioning the DOTD was prohibited from asking, while being elicited from expert witnesses, was nonetheless speculative, especially in light of the fact that no evidence was offered definitively proving that no accidents occurred during the intervening time periods of the accident reports that were offered by the plaintiffs; whereas there was actual evidence presented by the plaintiffs (as discussed in our original |4 opinion) that other accidents occurred at the same location that were not represented in the accident reports offered by the plaintiffs. So to the extent that the records shows that the testimony the DOTD tried to present to the jury was unsupported, speculative, and contrary to the testimony of other witnesses based on actual, personal knowledge, the trial court did not err in ordering the jury to disregard the testimony of Mr. Hall or in prohibiting the DOTD from eliciting speculative testimony from the expert witnesses presented at trial.
Therefore, having concluded the trial court’s exclusion of the referenced testimony was correct, we adhere to the result reached in our original opinion.
REHEARING GRANTED WITHOUT ORAL ARGUMENT FOR THE LIMITED PURPOSE OF CLARIFYING THIS COURT’S ORIGINAL OPINION.
WELCH, J., concurs without reasons.